IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CINDY DALTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:19-CV-2484-D |
| VS. | § | |
| | § | |
| C. R. BARD, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this products liability action, plaintiff Cindy Dalton ("Dalton") timely moves for leave to file an amended complaint. For the reasons that follow, the court grants her motion.

I

Dalton filed this products liability action directly in the Southern District of West Virginia as part of the multidistrict litigation ("MDL") entitled *In re: C. R. Bard, Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2187. Defendant C. R. Bard, Inc. ("Bard") manufactured a device called "Bard's Align Suprapubic Urethral Support System." Dalton was implanted in 2010 with this device at a hospital in Texas, and after experiencing alleged vaginal pain and mesh exposure, she filed suit directly in MDL No. 2187. In accordance with the MDL court's Pretrial Order #31, Dalton used the short form complaint, which employs a "check the box" method for identifying the plaintiff's claims and incorporates the master complaint as to each box checked. Following the conclusion of coordinated pretrial proceedings, the case was transferred to this court as one of a group of

cases not resolved in the MDL transferee court. Dalton now seeks leave to amend the MDL short form complaint.

II

Fed. R. Civ. P. 15(a) governs timely-filed motions for leave to amend a pleading. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at \*1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing cases). Nevertheless, Rule 15(a) and the other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome[.]" *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007)); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1471, at 587 (3d ed. 2010) (stating that a primary purpose of Rule 15 is to allow the "maximum opportunity for each claim to be decided on its merits

rather than on procedural technicalities").

### III

Dalton seeks to amend "the MDL form complaint in order to fully incorporate the claims alleged in a single document." P. Mot. 1. She also "seeks to amend . . . in order to remove previous claims that this court has summarily dismissed or have been consented to dismissal by Plaintiff." *Id.* at 1-2.

Bard opposes the motion, contending that the motion was filed with a "dilatory motive in that it pleads new facts and information, even though the bulk of discovery has been completed in the MDL." D. Resp. 2. Bard asserts that the proposed amended complaint does more than "fully incorporate the claims alleged in a single document" because it "contains new facts, information, and claims not previously alleged in either the Master Complaint or Plaintiff's Fact Sheet." *Id.* Bard specifically maintains that Dalton's amended complaint adds new language "raising bodily injuries and complications, as well as new claims," including that she "suffered permanent and substantial physical deformity" and that she is entitled to "financial or economic loss and present and future loss wages." *Id.* at 3. Bard contends that, because these "additional claims" have been raised after extensive discovery, the proposed amendment merely serves to delay the resolution of the case. Bard also maintains that it will be prejudiced if leave is granted because it will be necessary for Bard to conduct further discovery on the new factual allegations, and the proposed amendment

will require Bard to respond to allegations and claims that Dalton previously abandoned.[*]

IV

The court concludes that the relevant factors do not support denying leave to amend. When, as here, a party files a motion for leave to amend by the court-ordered deadline, this court applies a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb.7, 2002) (Fitzwater, J.) ("The court in entering its scheduling order presumptively determined that a motion filed before the deadline . . . would not be deemed dilatory."). Dalton's motion is therefore presumed to be timely, and "[i]t is unusual for the court to conclude that a timely motion for leave to amend should be denied based on undue delay or lack of diligence[.]" *Reneker v. Offill*, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) (Fitzwater, C.J.). Bard has not rebutted this presumption.

Additionally, Bard has not made a sufficient showing of undue prejudice. To the extent Bard contends that the additional facts and claims—or previously abandoned claims—raised in the proposed amended complaint will require further discovery and delay resolution of the case, these delays do not constitute *undue* prejudice. Delays like these are

---

[*]In *Dalton v. C. R. Bard, Inc.*, 2020 WL 1307965, at *1 (N.D. Tex. Mar. 19, 2020) (Fitzwater, J.), the court noted that "Dalton ha[d] . . . abandoned her claims for manufacturing defect, breach of warranty, and negligent inspection, marketing, packaging and selling." Bard now points to two portions of Dalton's proposed amended complaint that allegedly reference this previously abandoned claim: (1) Dalton's allegations that Bard "[f]ail[ed] to use reasonable care in the testing of the Products so as to avoid an unreasonable risk of harm," Am. Compl. 15, ¶ 59(b), and (2) her allegations that Bard was negligent in "designing, manufacturing, marketing, labeling, packaging and/or selling the Products," Am. Compl. 16-17, ¶ 60(l).

often inevitable when a party timely amends her complaint to add new claims.  *Cf. Maiden Biosciences, Inc. v. MPM Med., Inc.*, 2019 WL 2075585, at *2-3 (N.D. Tex. May 10, 2019) (Fitzwater, J.) (explaining that delays resulting from the time required to "answer and conduct discovery" are "inevitable" when a party timely amends its answer and counterclaim to join additional parties).  Moreover, the discovery deadline in this case is April 20, 2021, providing Bard "[a]mple opportunity . . . to prepare its defense against the[se] . . . claim[s]." *EPL Oil & Gas, Inc. v. Tana Expl. Co.*, 2018 WL 4489287, at *3 (E.D. La. Sept. 17, 2018). For this reason, the court concludes that any resulting delay or obligation, including responding to previously abandoned claims, will not unduly prejudice Bard.  *Cf., e.g., In re IntraMTA Switched Access Charges Litig.*, 2017 WL 1709691, at *3 (N.D. Tex. May 3, 2017) (Fitzwater, J.) (denying Rule 12(f) motion to strike amended complaint where plaintiff referenced previously dismissed claims).  The court therefore concludes, under the liberal Rule 15(a)(2) standard, that there are no sufficient reasons to deny Dalton leave to amend, and it grants her motion.

\*   \*   \*

For the reasons stated, the court grants Dalton's motion for leave to file an amended complaint. The clerk of court is directed to file the proposed amended complaint attached to Dalton's motion for leave.

**SO ORDERED**.

July 27, 2020.

                              _____
                              SIDNEY A. FITZWATER
                              SENIOR JUDGE